IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SHERRY SWEARINGIN                                                                    PLAINTIFF

        v.                              Civil No. 13-2137

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                                       DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Sherry Swearingin, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

### I.  Procedural Background:

Plaintiff filed her application for DIB on October 7, 2010, alleging an onset date of September 15, 2009, due to fibromyalgia, migraines, seizure disorder, arthritis, fatigue, memory loss, pain, and muscle spasms. Tr. 120-122, 148-149, 162-163. The Commissioner denied Plaintiff's application initially and on reconsideration. Tr. 68, 71, 72. An administrative hearing was held on November 15, 2011. Tr. 24-63. Plaintiff was present and represented by counsel.

---

[1] Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

At the time of the hearing, Plaintiff was 53 years old and possessed a high school education and certification as a licensed practical nurse ("LPN"). Tr. 27, 120, 180. She had past relevant work "(PRW") experience as an LPN, office nurse, nurse supervisor. Tr. 18, 28, 31-33, 150, 164-169.

On March 30, 2012, the ALJ found Plaintiff's fibromyalgia syndrome and seizure disorder were severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 11-13. After partially discrediting Plaintiff's subjective complaints, the ALJ determined that she retained the residual functional capacity ("RFC") to perform light work except the claimant must avoid even moderate exposure to hazards (machinery, heights, etc.). Tr. 13. With the assistance of a vocational expert, the ALJ then concluded that Plaintiff could return to her PRW as an office nurse. Tr. 18.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on March 20, 2013. Tr. 1-3. Subsequently, Plaintiff filed this action. ECF No. 1. This case is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 13, 14.

**II.**   **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the

Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-

(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.  Discussion:

Of particular concern to the undersigned is the RFC assigned by the ALJ. The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Adequate medical evidence must therefore exist that addresses the claimant's ability to function in the workplace. *See Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003). The Court has held, however, that the ALJ is not at liberty to make medical judgments regarding the ability or disability of a claimant to engage in gainful activity where such inference is not warranted by clinical findings. *McGhee v. Harris*, 683 F. 2d 256 (8th Cir. 1982). And while the issue is not the existence of pain, the issue **is** whether the Plaintiff's experience of pain precludes substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present case, Plaintiff has been diagnosed with both fibromyalgia[2] and a seizure disorder. Records reveal that she was treated by both Drs. Allen Beachy and Gary Nunn during the relevant time period. In November 2010, Dr. Beachy completed a seizure statement

---

[2]"Fibromyalgia is a common nonarticular disorder of unknown cause characterized by generalized aching (sometimes severe); widespread tenderness of muscles, areas around tendon insertions, and adjacent soft tissues; muscle stiffness; fatigue; and poor sleep." THE MERCK MANUAL, *Fibromyalgia*, http://www.merckmanuals.com/professional/musculoskeletal_and_connective_tissue_disorders/bursa_muscle_and_tendon_disorders/fibromyalgia.html?qtfibromyalgia&alt=sh (last accessed August 5, 2013). The Eighth Circuit has held, in the context of a fibromyalgia case, that the ability to engage in activities such as cooking, cleaning, and hobbies, does not constitute substantial evidence of the ability to engage in substantial gainful activity. *Brosnahan v. Barnhart*, 336 F.3d 671, 677 (8th Cir. 2003); *See Kelley v. Callahan,* 133 F.3d 583, 588-89 (8th Cir. 1998).

indicating that Plaintiff experienced 4-5 seizures per year, and that she was not currently on medication because the medication did not lessen the frequency of her seizures. Tr. 317-318. He has also noted multiple areas of muscle tenderness and "fair" strength in her extremities. However, neither Dr. Beachy nor Dr. Nunn was asked to complete an RFC assessment. Instead, the only RFC assessments contained in the record were completed by non-examining, consultative doctors who merely reviewed Plaintiff's medical records. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999) (holding that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence). Given the nature of Plaintiff's combined impairments, we believe the ALJ should have obtained an RFC assessment from a treating physician prior to rendering a final decision. Without such an opinion, the record is void of evidence to indicate Plaintiff's true work-related abilities and limitations. *See Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001) (a claimant's residual functional capacity is a medical question). Therefore, on remand, the ALJ is ordered to obtain RFC assessments from Dr. Nunn and Dr. Beachy. Should these doctors be unable to provide said assessment, the ALJ should order a consultative examination, complete with an RFC assessment.

We also note that Plaintiff was prescribed a variety of medications to treat her impairments. These medications included Maxzide, Imitrex, Gabapentin, Tramadol, Zolpiderm, and Nortriptyline. The ALJ did not, however, consider the side effects of these medications. Accordingly, on remand, the ALJ must specifically consider the side effects of these medications. *Porch v. Chater*, 115 F.3d 567, 572 (8th Cir. 1997).

AO72A
(Rev. 8/82)

We also take issue with the ALJ's determination that Plaintiff could return to her PRW as an office nurse. Unfortunately, the ALJ did not properly develop the record with regard to the requirements and expectations of this position. For example, office nurses are often called upon to draw blood and administer injections. If Plaintiff were to experience a seizure while performing these tasks, it could place her patients in harms way. Accordingly, we believe the ALJ should develop the record further with regard to the requirements of the position of an office nurse. *See Ingram v. Chater*, 107 F.3d 598, 604 (8th Cir. 1997) ("The ALJ must make explicit findings regarding the actual physical and mental demands of the claimant's past work. Then, the ALJ should compare the claimant's residual functional capacity with the actual demands of the past work...")

IV.  **Conclusion:**

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 18th day of March 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)